Levin Gayle *against* Samuel Smith.                *December,* 1822.

JUDGE *Saffold* delivered the opinion of the Court.

The declaration contains but one count in assumpsit. *Gayle*, the defendant in the Court below, plead the general issue, and filed a special demurrer to the declaration. On the plea verdict and judgment was rendered for the plaintiff, and no notice was taken of the demurrer. *Gayle* assigns this matter here as Error.

Plea and demurrer to the same count, the demurrer may be disregarded.

Our Statute (Laws Ala. 447,) provides that a defendant may plead as many several matters as may be necessary to his defence, so that he be not admitted to plead and demur to the whole. It was evidently not the intention of the Legislature to permit a defendant to plead and demur to the same parts of the declaration at the same time. This would be a duplicity, drawing the matter to different judicatories. A demurrer is not a plea in the general acceptation of the term, but an excuse for not pleading ; and it would be absurd for the party to plead, and at the same time pray that he might not plead. (3 Bac. Ab. 458.) The demurrer appears to have been offered after the plea ; but even if it had been first filed, a plea afterwards was an implied abandonment.

**DECEMBER, 1822.** of the demurrer; and in either case it was proper to disregard the demurrer as if none had happened.

Levin Gayle
v.
Samuel Smith.

Let the judgment be affirmed.